Putnam, Circuit Judge.
That the complainant had difficulty when he applied for his patent, in understanding the spirit and essence of his alleged invention, is inferable from the fact that, on an improvement of so low a grade as his must be admitted to be, he stated his claim in eight different ways. This inference is strengthened because he does not now inform the court whether he relies on all his claims, which is hardly possible, or on which of them he relies; but he leaves the court to look through them all, compare their phraseology, and endeavor thus to ascertain what he has failed to point out.
In his direct examination his expert testified as follows:
“The main novelty is that the seat slides up and down on the frame, and has feet of its own, which, when it is held in its lowest position, extend below the adjacent part of the frame, and hold them up from the floor. ”
At that stage of his testimony, the expert expressed himself as though there was a double novelty,—one in the sliding up and down of the seat, and the other in the capability of extending the feet below the adjacent part of the frame. The former he properly abandoned at the close of his cross-examination, in connection with what he had to say as to the Cross patent, under which the defendants claim to be manufacturing. The court is unable to appreciate that what was thus left, whether in *297 combination or otherwise, is sufficient to put in operation the power vested in congress by the constitution to promote the progress of science and useful arts by securing to inventors exclusive rights.
We refer to the topic of the utility of complainant’s chair only as it bears on the point of invention. One of the defendants testified that a chair made in accordance with the patent in suit would not be a practical commercial article; and it appears by the evidence of the plaintiff that, although at the time he testified he had owned this patent for seven years, he never had put on the market a chair constructed to conform to it. To fill an order he had commenced some 15 dozen, which were not completed at the date of his deposition.
This is not an instance where a valuable invention lies dormant for want of means of developing it; because the complainant also testified that he manufactures nothing but patent chairs of various kinds, and sells these to the extent of 70,000, more or less, annually. A novelty which remains unused so many years’ in the hands of an extensive manufacturer, exclusively engaged in the special trade to which it relates, must be presumed to involve, at the best, a very low degree of that useful invention which the natent code of the United States requires. Indeed, the entire field shown by the exhibits in this case seems a dreary one, nowhere enlivened by a single exhibition of the genius of invention, or of the “happy thought” which, under the patent laws, frequently answers in the place of the former.
We think the sum of all that can be said is that the complainant’s novelty shows somewhat more mechanical skill, experience, and aptitude than those which preceded it, but not enough to rise above the conditions described in Hollister v. Manufacturing Co., 113 U. S. 59, 73, 5 Sup. Ct. Rep. 717.
Bill dismissed, with costs for the defendants.